**Hearing Date: January 22, 2026 at 10:00am**

**ZEICHNER ELLMAN & KRAUSE LLP**
730 Third Avenue
New York, New York 10017
Telephone: (212) 223-0400
Facsimile: (212) 753-0396
Bryan D. Leinbach
bleinbach@zeklaw.com

*Attorneys for U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2022-4*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>CHANGAR REALTY CORP,<br><br>Debtor. | Chapter 11 Case<br><br>Case No. 24-11350 (JPM) |

**OPPOSITION TO DEBTOR'S SECOND MOTION TO SELL THE PROPERTY LOCATED AT 1704-1714 UNIVERSITY AVENUE, BRONX, NY, 10453**

U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2022-4 ("U.S. Bank"), by its attorneys, Zeichner Ellman & Krause LLP, files this opposition to the Debtor's second motion to sell real property located at 1704-1714 University Avenue, Bronx, New York, 10453 (the "Second Motion"; Docket No. 72), and respectfully represents as follows:

## PRELIMINARY STATEMENT

1. By its Second Motion, the Debtor seeks an order approving a sale of real property located at 1704-1714 University Avenue, Bronx, New York, 10453 (the "Property"). The Debtor's Second Motion should be denied for at least three reasons.

2. First, the sale does not comply with Section 363(f) of the Bankruptcy Code. In this respect, U.S. Bank, which holds a valid lien against the Property, does not consent to the sale proposed in the Second Motion. *See* 11 U.S.C. 363(f)(2). In addition, the sale proposed by the Second Motion may be less than U.S. Bank's secured claim, which is likely now more than the amount of its proof of claim of $3,126,247.01. *See* 11 U.S.C. § 363(f)(3); U.S. Bank Proof of Claim (Ex. A).[1]

3. Second, the Debtor's Second Motion should be denied because the Debtor already has a pending motion to sell the Property. On June 25, 2025, the Debtor made a motion to approve a sale of the Property for a proposed purchase price of $3,950,000.00 (the "First Motion"; Docket No. 41). At the August 5, 2025 hearing on the First Motion, the Court directed the Debtor to provide U.S. Bank and the objecting parties to the Motion with materials showing that the Debtor marketed the Property before entering into the proposed $3.95 million sale contract. To date, the Debtor has failed to provide this information. Having already made the First Motion to sell the Property, the Debtor cannot now make the Second Motion to sell the Property to a different buyer while the First Motion remains pending.

4. Third, the Second Moton should be denied because Debtor's proposed sale of the Property in the Second Motion is not in the best interests of creditors. The Debtor proposes to sell the Property for $3,350,000. – $600,000. less than the proposed $3.95 million sale set forth in the First Motion. Thus, the proposed sale in the Second Motion would provide less payment to the Debtor's creditors, including U.S. Bank, which holds a first-priority perfected

---

[1] 11 U.S.C. § 363(f)(1), (4), and (5) do not apply.

lien against the Property. Further, the Debtor does not even explain why the Debtor's proposed alternative sale of the Property for a $600,000. reduction will benefit creditors.

5. For each of these reasons, the Court should deny the Debtor's Second Motion.

## FACTUAL BACKGROUND

### A. U.S. Bank's Secured Claim Against the Debtor

1. U.S. Bank is a secured creditor of the Debtor pursuant to: (a) a Consolidation, Extension, and Restatement of Notes Agreement (the "Restatement Agreement") and Term Note (the "Term Note," and collectively with the Restatement Agreement, the "Note"); (b) a Consolidation, Modification, Spreader and Extension Agreement (the "Consolidated Mortgage") on the Property; and (c) a Loan Agreement between the Debtor and Velocity. (The Note, Mortgage and Loan Agreement are collectively referred to as the "Loan Documents.").[2] Copies of the Loan Documents are attached to U.S. Bank's Proof of Claim, which is attached as **Exhibit A**. (U.S. Bank Proof of Claim is Claim 9 on the Claims Register for this case.)

2. The Debtor defaulted on its obligations under the terms of the Loan Documents by failing to make monthly payments due on July 1, 2023, and each month thereafter (the "Default"). As a result of the Debtor's Default, U.S. Bank commenced a foreclosure action in New York State Supreme Court on October 23, 2023 *titled U.S. Bank Trust Company,*

*National Association as Trustee for Velocity Commercial Capital Loan Trust 2022-4 v. Changar Realy Corp., et al.*, Index No.: 816707/2023E (the "Foreclosure Action").

**B. <u>The Bankruptcy</u>**

3. On August 2, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code. <u>See</u> Petition (Doc. No. 1). The Debtor continues to manage and operate its affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

4. As of the Petition Date, U.S. Bank had a secured claim against the Debtor in the amount of $3,126,247.01. <u>See</u> U.S. Bank Proof of Claim (Ex. A). U.S. Bank's claim is secured by a first priority lien against the Property. *See id.*

5. The Debtor did not file a disclosure statement and proposed plan of reorganization by December 2, 2024 and did not move to extend its time to file a disclosure statement and proposed plan.

6. During the course of the Debtor's bankruptcy, the Debtor's prior counsel, Anne Pennachio, informed U.S. Bank counsel of its intent to sell the Property as part of this case. However, over the past year, the Debtor has failed to take the necessary steps to sell the Property.

7. On February 2, 2025, the Debtor filed an application to employ Maltz Auctions as Real Estate Broker and Marketing Agent (the "Auction Motion"). <u>See</u> Auction

---

[2] The Loan Documents were between Velocity Commercial Capital, LLC ("Velocity") and the Debtor and were executed as of May 20, 2022. U.S. Bank became the holder of the Loan Documents by virtue of the following: (a) Velocity physically delivered the original Loan Documents to U.S. Bank on May 27, 2022; and (b) Velocity assigned the Loan Documents to U.S. Bank pursuant to that certain Assignment of Mortgage dated June 2, 2022, and recorded in the City Register as CRFN 2023000138828.

Motion (Doc. No. 30). In connection with the Auction Motion, U.S. Bank counsel negotiated with the Debtor over the language of the proposed Order for the Auction Motion to agree upon a proposed Order that was acceptable to U.S. Bank and the Debtor. The Debtor adjourned the hearing on the Auction Motion from February 28, 2025 to March 5, 2025 in order to prepare this revised proposed Order. *See* Letter Adjourning Presentment Date (Doc. No. 33). Upon information and belief, the Debtor never filed an updated proposed Order with the Court for the Auction Motion.

8. After March 5, 2025, the Debtor's counsel informed counsel for U.S. Bank that the Debtor had received offers to purchase the Property and wished to pursue a private sale of the Property instead of proceeding with an auction of the Property.

9. On June 24, 2025, the Debtor filed the First Motion to sell Property. *See* First Motion (Doc. No. 41). In the First Motion, the Debtor sought approval of a proposed sale of the Property to Montreal Star Corp. or a single purpose entity formed by purchaser for the sale price of $3,950,000.00. *See id.* at 3.

10. One of the Debtor's creditors - Diaz & Associates Realty Inc. – objected to the First Motion and another creditor, Spring Bank, joined in this objection. U.S. Bank filed a response in support of the Debtor's First Motion. *See* U.S. Bank Response to First Motion (Doc. No. 51).

11. On August 5, 2025, the Court held a hearing on the First Motion. During this hearing, the Court directed the Debtor to provide U.S. Bank and the objecting creditors with information showing that the Debtor had marketed the Property before entering into the proposed contract attached to the First Motion.

12. After the August 5, 2025 hearing, U.S. Bank counsel contacted the Debtor's prior counsel and asked her to circulate the information requested by the Court and schedule a continued hearing on the First Motion. The Debtor's counsel did not circulate this information and did not schedule a continued hearing on the First Motion.

13. On October 1, 2025, the Debtor's counsel made a motion to withdraw as counsel for the debtor. *See* Withdrawal Motion (Doc. No. 55). Around the same time, new counsel - Manuel D. Gomez – appeared as counsel for the Debtor.

14. On October 20, 2025, U.S. Bank made a motion to convert this case from Chapter 11 to Chapter 7 of the Bankruptcy Code (the "Motion to Convert"; Doc. No. 65). The Motion to Convert was originally scheduled to be heard on November 25, 2025. However, the Motion to Convert has been adjourned to January 6, 2026 and January 22, 2026 at the Debtor's request and over U.S. Bank counsel's objection.

15. On January 2, 2026, the Debtor filed the Second Motion. See Second Motion (Doc. No. 72). The Debtor's Second Motion proposes to sell the Property to David Refua for a proposed purchase price of $3,350,000. *See id.* at 1, 3. The Second Motion to does not reference the First Motion or explain why the sale contemplated by the First Motion should not be approved and consummated.

16. The Debtor's Second Motion set a hearing on January 6, 2026 – less than 7 days after its filing. Thus, U.S. Bank counsel contacted Debtor's counsel regarding the scheduling and merits of the Second Motion. The hearing on the Second Motion was subsequently adjourned to January 22, 2026.

**ARGUMENT**

17. Section 363 of the Bankruptcy Code provides that "a debtor, after notice and hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). "[S]ection 363(f) allows a debtor to sell property of the estate 'free and clear of any interest in such property of an entity other than the estate,' if (1) applicable nonbankruptcy law allows, (2) such entity consents, (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property, (4) such interest is in bona fide dispute, or (5) such entity could be compelled to accept a money satisfaction of such interest." *In re MF Global Inc.*, 467 B.R. 726, 730 (Bankr. S.D.N.Y. 2012) (quoting 11 U.S.C. § 363(f)).

18. Here, the Court should deny the Debtor's Second Motion for three independent reasons.

19. First, the sale does not comply with Section 363(f) of the Bankruptcy Code. In this respect, U.S. Bank, which holds a valid lien against the Property, does not consent to the sale proposed in the Second Motion. *See* 11 U.S.C. 363(f)(2). For this reason alone, the Second Motion should be denied.

20. In addition, the sale proposed by the Second Motion may be less than U.S. Bank's secured claim, which is likely now more than the amount of its proof of claim of $3,126,247.01. *See* U.S. Bank Proof of Claim (Ex. A).

21. Second, the Debtor already has a First Motion to sell the Property that is pending before this Court. Indeed, the Debtor still has not complied with the Court's direction to

provide information showing that the Debtor had marketed the Property before entering into the proposed contract attached to the First Motion.

22. Third, the Debtor's Second Motion to sell the Property should be denied because this proposed sale of the Property is not in the best interests of creditors. The Second Motion proposes selling the Property for $3.35 million – $600,000.00 less than the proposed $3.95 million sale price in the First Motion. *See* Second Motion at 2 (Doc. No. 72); First Motion at 2 (Doc. No. 41). Thus, the proposed sale in the Second Motion would provide less payment to the Debtor's creditors, including U.S. Bank, which holds a first-priority perfected lien against the Property.

23. Further, the Debtor does not explain why the Debtor's proposed alternative sale of the Property for a $600,000. reduction will benefit creditors.

24. For each of these reasons, the Debtor's Second Motion should be denied.

WHEREFORE, U.S. Bank respectfully requests that this Court deny the Debtor's Second Motion in its entirety.

Dated: New York, New York
January 15, 2026

ZEICHNER ELLMAN & KRAUSE LLP

By: /s/Bryan D. Leinbach
Bryan D. Leinbach, Esq.
730 Third Avenue
New York, New York 10017
(212) 223-0400
bleinbach@zeklaw.com

*Attorneys for* U.S. Bank Trust Company, National Association, as Trustee for *Velocity Commercial Capital Loan Trust 2022-4*