ZEICHNER ELLMAN & KRAUSE LLP
730 THIRD AVENUE
NEW YORK, NEW YORK 10017
TEL: (212) 223-0400

BRYAN D. LEINBACH
(212) 826-5313
bleinbach@zeklaw.com

WWW.ZEKLAW.COM

July 23, 2026

**BY ECF**

Hon. John P. Mastando III
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

**In re: Changar Realty Corp., Case No. 24-11350 (JPM)**
**(Status Update in Advance of July 24, 2026 Status Conference)**

Dear Judge Mastando:

This firm represents U.S. Bank Trust Company, National Association, as Trustee for Velocity Commercial Capital Loan Trust 2022-4 ("U.S. Bank") in the above-referenced Chapter 11 bankruptcy case. U.S. Bank respectfully submits this letter to respond to the debtor's purported "status update" in advance of the virtual status conference on July 24, 2026.

As a preliminary matter, U.S. Bank rejects the Debtor's "conclusion" that a sale to David Refoua should be granted. The statements of the Debtor's counsel are not evidence, and the Debtor's request should be rejected.

Further, the Debtor's "status letter" omitted several issues which warrant the Court's attention that relate to the deposition testimony of the Debtor's principal Elba Fournier, the proposed purchaser David Refoua, and proposed expert Haskell Shabi.

First, during the deposition of Ms. Fournier, it was revealed for the first time that the Debtor has entered into a different contract with David Refoua than the one that is before the Court. As the Court is aware, the Debtor made a motion (the "Sale Motion") to sell real property located at 1704-1714 University Avenue, Bronx, New York, 10453 (the "Property") to proposed purchaser David Refoua for $3,350,000.00. *See* Motion (Doc. No. 72). The Sale Motion does not attach a proposed contract for approval. However, during her deposition, Ms. Fournier testified that the Debtor entered

into a contract with Mr. Refoua for $3,500,000.00. We requested a copy of this contract during the deposition, but it has not yet been provided.

Second, during her deposition, Ms. Fournier testified that she was unaware that Diaz & Associates Realty Inc. ("Diaz") submitted a bid to purchase the Property for $3,900,000.00.

Third, during her deposition, Ms. Fournier testified that she was unaware that the sale contract that she entered into with David Refoua for $3,500,000.00 was insufficient to satisfy the Debtor's secured debt to U.S. Bank.

Fourth, the Debtor's counsel instructed Ms. Fournier not to answer several questions during her deposition. In one instance, when Ms. Fournier testified that she was unaware of the $3,900,000.00 bid from Diaz, I asked Ms. Fournier if the Debtor intended to proceed with a sale of the Property for $3,500,000.00. In response, the Debtor's counsel objected and instructed the witness not to answer, claiming I had asked "a legal question." In another instance, I asked Ms. Fournier whether the Debtor intended to proceed with a sale of the Property for $3,500,000.00 now that she knew the sale price would not satisfy the debt to U.S. Bank, the Debtor's counsel objected and instructed Ms. Fournier not to answer, stating, once again that I asked "a legal question." U.S. Bank would like answers to the questions that the Debtor's attorney prevented Ms. Fournier from answering.

Respectfully submitted,

/s/ Bryan D. Leinbach