ANDERSON BOWMAN PLLC

**Mark Anderson, Esq. & Dustin Bowman, Esq.**
*Btzalel Hirschhorn, Esq. · Matthew Routh, Esq. · Nicholas Neocleous, Esq.*
*Kimberly Wroblewski, Esq. · Olivia F. Mukherjee, Esq.*

Hon. John P. Mastando III
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
Courtroom 501
New York, NY 10004-1408

September 1, 2026

**RE: CHANGAR REALTY CORP., Case No. 24-11350**

Dear Judge Mastando:

The undersigned represents Diaz & Associates Realty Inc. ("Diaz"), a creditor and interested party in the above-referenced bankruptcy proceeding. This letter respectfully requests that, at the outset of the September 3, 2026, hearing and before commencement of trial, the Court hold a brief conference concerning a sanctions motion transmitted by counsel for the Debtor, Manuel D. Gomez, Esq., on September 1, 2026—just two days before trial. **The timing and circumstances surrounding the sanctions motion raise serious concerns that it is being presented for an improper purpose and to obtain a tactical advantage on the eve of trial, in violation of the very standards imposed by Federal Rule of Bankruptcy Procedure 9011.**

Rule 9011(b) provides that, by presenting to the Court a petition, pleading, written motion, or other document—"whether by signing, filing, submitting, or later advocating it"—an attorney certifies, following an inquiry reasonable under the circumstances, that: **(1)** it is not being presented for any improper purpose, including harassment, unnecessary delay, or needlessly increasing litigation costs; **(2)** its legal contentions are warranted by existing law or a nonfrivolous argument for a change in the law; **(3)** its factual allegations have evidentiary support, or are specifically identified as likely to have such support after further investigation or discovery; and **(4)** denials of factual contentions are warranted by the evidence or reasonably based upon a lack of information or belief. Fed. R. Bankr. P. 9011(b).

80-02 Kew Gardens Road, Suite 600, Kew Gardens, NY 11415
TEL (718) 263-6800 FAX (718) 520-9401

The ethical rules impose similar constraints on the use of collateral proceedings for litigation leverage. New York Rule of Professional Conduct 4.4(a) prohibits a lawyer from using means that have "no substantial purpose other than to embarrass or harm a third person," while Rule 8.4(d) prohibits conduct "prejudicial to the administration of justice." See also N.Y.C. Bar Ass'n Formal Op. 2017-3 ("The inapplicability of Rule 3.4(e) to threats to instigate ancillary non-criminal proceedings, however, does not mean that lawyers are free to make such threats with impunity. Such threats may violate criminal laws against extortion, and, if so, they will likely violate Rules 8.4(b) and Rule 3.4(a)(6).").

Those concerns are particularly acute here. The sanctions motion is predicated substantially upon Mr. Diaz's July 17, 2026, deposition testimony, which Mr. Gomez has possessed for approximately six weeks. During that period, the Debtor sought an adjournment of the trial, which request was denied by the Court. Only after that request was denied did Mr. Gomez wait until two days before trial to transmit a motion accusing Diaz and undersigned counsel of fraud and sanctionable conduct. **The sequence and timing of these events raise a substantial concern that, having been unsuccessful in obtaining an adjournment, the sanctions process is now being employed to disrupt the scheduled trial or obtain a tactical litigation advantage, rather than for a legitimate sanctions purpose.**

That concern is heightened by the facially tenuous basis for the accusations. Without burdening the Court at this juncture with a substantive response to the sanctions motion, the conduct alleged therein does not remotely establish fraud or sanctionable conduct. The motion relies heavily upon the fact that, when shown a particular brokerage statement during his July 2026 deposition, Mr. Diaz testified that he did not recognize the document. That document had been transmitted approximately sixteen months earlier, in March 2025. At most, Mr. Diaz's inability at deposition to recall a particular document from more than a year earlier presents an issue of witness recollection or credibility for the Court to evaluate at trial. It does not, without more, establish that the document was fraudulent, that Mr. Diaz engaged in fraud, or that counsel knowingly presented false information to the Court. Indeed, the motion identifies no evidence establishing what specific fraudulent act was supposedly committed by either Mr. Diaz or undersigned counsel.

Although Mr. Gomez has not formally filed the sanctions motion on the docket, on two separate occasions he copied Chambers on email communications (attached as Exhibit A) transmitting or concerning the motion, including both **JPM.chambers@nysb.uscourts.gov** and Ms. Maria Rodriguez-Castillo **(maria_rodriguez_castillo@nysb.uscourts.gov)**. Thus, notwithstanding his decision not to place the motion on the public docket, Mr. Gomez affirmatively placed his allegations of fraud and sanctionable conduct before the Court immediately before trial.

Significantly, Rule 9011 does not limit its certifications to documents formally "filed." To the contrary, the Rule expressly applies when a document is presented to the Court "whether by signing, filing, *submitting*, or later advocating it." Fed. R. Bankr. P. 9011(b). Rule 9011(c)(2)(B) similarly distinguishes between a sanctions motion being "filed or *presented* to the court." The Rule therefore expressly contemplates that presentation to the Court is distinct from formal filing. Counsel cannot circumvent Rule 9011's obligations merely by withholding a

motion from the public docket while nevertheless affirmatively transmitting the motion and its accusations to the Court. Under these circumstances, it is respectfully submitted that Mr. Gomez "present[ed]" or "submit[ted]" the sanctions motion to the Court within the meaning of Rule 9011(b), thereby placing his own purpose in presenting the motion, the evidentiary basis for its accusations, and his compliance with Rule 9011(b) at issue. [1]

Accordingly, Mr. Gomez's eleventh-hour presentation to the Court of serious allegations of fraud and professional misconduct, based principally upon testimony in his possession for approximately six weeks and which, on its face, presents an issue of witness recollection or credibility rather than fraud, warrants scrutiny in its own right, including whether the sanctions motion itself was presented for a proper purpose and with the evidentiary support required by Rule 9011.

---

[1] Given the timing of these events and the demands of preparing for trial, undersigned counsel has not, as of the date hereof, identified authority specifically addressing whether emailing a sanctions motion to Chambers, without formally filing it on the docket, constitutes "presenting" or "submitting" the motion within the meaning of Rule 9011(b). The Rule itself, however, expressly distinguishes "filing" from "submitting" and other means of "presenting" a document to the Court, and Rule 9011(c)(2)(B) separately refers to a sanctions motion being "filed or presented to the court." Fed. R. Bankr. P. 9011(b), (c)(2)(B). Should the Court desire further briefing on this issue, such briefing can be provided.

Please do not hesitate to contact the undersigned should the Court have any further questions or concerns regarding this matter.

Very truly yours,

**ANDERSON & BOWMAN, PLLC**

**/S/ Btzalel Hirschhorn**
By: Btzalel Hirschhorn, Esq.