ANDERSON BOWMAN PLLC

**Mark Anderson, Esq. & Dustin Bowman, Esq.**
*Btzalel Hirschhorn, Esq. · Matthew Routh, Esq. · Nicholas Neocleous, Esq.*
*Kimberly Wroblewski, Esq. · Olivia F. Mukherjee, Esq.*

Hon. John P. Mastando III
United States Bankruptcy Judge
Southern District of New York
One Bowling Green
Courtroom 501
New York, NY 10004-1408

September 18, 2026

**RE: CHANGAR REALTY CORP., Case No. 24-11350**

Dear Judge Mastando:

The undersigned represents Diaz & Associates Realty Inc. ("Diaz"), a creditor and interested party in the above-referenced bankruptcy proceeding. At the conclusion of the September 3, 2026, hearing, the Court provided Mr. Diaz until September 18, 2026, to obtain the ten percent down payment with respect to Diaz's anticipated acquisition of the property located at 1704 University Ave., Bronx, NY ("Subject Property"). The Court further provided Mr. Diaz until October 16, 2026, to close on the Subject Property.

This letter respectfully requests a two-week extension of the relevant deadlines. The reason for the request is as follows. Mr. Diaz has informed the undersigned that shortly after the trial, the Debtor's principal, Ms. Fournier, reached out to Mr. Diaz to explore settlement. Mr. Diaz had several conversations with Ms. Fournier that he believed were productive, and came away with the understanding that Ms. Fournier would instruct the Debtor's attorney, Mr. Manuel Gomez, to cooperate in reaching a resolution. That proposed resolution would, among other things, have allowed the Debtor to close with Mr. Refouah (subject to Velocity's consent).

Considering those discussions and his understanding that the parties were working toward a consensual resolution, Mr. Diaz pursued settlement rather than proceeding toward closing. That effort has not borne fruit. Mr. Gomez has declined to withdraw the pending sanctions motion, notwithstanding that the relief that motion seeks — Mr. Diaz's withdrawal as purchaser — is precisely what Mr. Diaz's settlement proposal would have accomplished. The Debtor's unwillingness to accept an arrangement that would allow Mr. Refouah to close now,

80-02 Kew Gardens Road, Suite 600, Kew Gardens, NY 11415
TEL (718) 263-6800 FAX (718) 520-9401

while preserving Mr. Diaz only as a backup, is difficult to reconcile with any genuine intention to have Mr. Refouah close at all.

This is the first extension of any deadline Mr. Diaz has requested in this case. The Debtor, by contrast, has repeatedly sought adjournments throughout this proceeding. These include requests in March and June 2026 that resulted in Court-noticed adjournments of the evidentiary hearing; a June 2026 request by Debtor's counsel to reschedule previously agreed-upon depositions, which Mr. Diaz opposed; and, most recently, an August 2026 request, made on the eve of the September 3rd hearing, which the Court ultimately denied. Against that history, there is no apparent prejudice to the Debtor from a brief, one-time extension of Mr. Diaz's deadlines. Indeed, if the Debtor wishes Mr. Diaz to close, the requested extension affords him the additional time to do so. If the Debtor instead wishes to proceed with Mr. Refouah, Mr. Diaz has already proposed a resolution that would permit Mr. Refouah to close while preserving Mr. Diaz only as a backup. Having rejected that proposal, it is difficult to discern a substantive basis for the Debtor to simultaneously oppose the brief extension requested here.

For these reasons Mr. Diaz respectfully requests a two-week extension of the pertinent deadlines. The undersigned is available for a conference should the Court have any further questions or concerns.

Very truly yours,

**ANDERSON & BOWMAN, PLLC**

**/S/ Btzalel Hirschhorn**
By: Btzalel Hirschhorn, Esq.